**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Yeremey Krivoshey (State Bar No. 295032)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
          jsmith@bursor.com
          ykrivoshey@bursor.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELA BAYOL and BRUCE VERBECK, individually and on behalf of all others similarly situated,<br><br>                                        Plaintiffs,<br><br>        v.<br><br>HEALTH-ADE LLC, and WHOLE FOODS MARKET CALIFORNIA, INC.,<br><br>                                        Defendants. | Case No. 3:18-cv-01462 MMC<br><br>**AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge: Hon. Maxine M. Chesney |

Plaintiffs Gabriela Bayol and Bruce Verbeck ("Plaintiffs") bring this action on behalf of themselves and all others similarly situated against Defendant Health-Ade LLC ("Health-Ade") and Defendant Whole Foods Market California, Inc. ("Whole Foods") (collectively, "Defendants"). Plaintiffs make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to the allegations specifically pertaining to themselves, which are based on personal knowledge.

## INTRODUCTION

1.      Health-Ade has passed off its entire line of Health-Ade Kombucha[1] beverages as non-alcoholic, when, in fact, the beverages contain more than twice the alcohol allowed for non-alcoholic beverages.  The alcoholic beverages are sold to unsuspecting children, pregnant women, persons suffering with alcohol dependence issues, and a host of other people for whom alcohol consumption may pose a grave and immediate safety risk.  To make matters worse, Health-Ade promotes its Kombucha beverages as an *alternative* to alcohol, such that many consumers specifically wishing to avoid alcohol are tricked into buying Health-Ade kombucha.

2.      Whole Foods materially contributes, controls, and abets the fraud and misleading advertising by displaying and storing Health-Ade Kombucha separate from other alcoholic beverages in its stores, by not requiring any form of identification prior to purchase of the alcoholic beverages, and by failing to disclose to its customers that the beverages are above .5 percent alcohol by volume, as required for any alcoholic beverage.  Likewise, Whole Foods sells Health-

---

[1] Health-Ade Kombucha refers to every flavor of Defendant Health-Ade's kombucha beverages sold nationwide, as described herein, including, but not limited to, Health-Ade Kombucha: Ginger Lemon, Health-Ade Kombucha: Pink Lady Apple, Health-Ade Kombucha: Pomegranate, Health-Ade Kombucha: Holiday Cheers, Health-Ade Kombucha: California Grape, Health-Ade Kombucha: Blood Orange-Carrot-Ginger, Health-Ade Kombucha: Beet, Health-Ade Kombucha: The Original, Health-Ade Kombucha: Cayenne Cleanse, Health-Ade Kombucha: Reishi-Chocolate, Health-Ade Kombucha: Maca-Berry, Health-Ade Kombucha: Match + Cold Brew Coffee, Health-Ade Kombucha: Sweet Thorn, and Health-Ade Kombucha: Power Greens. Representative labels of Health-Ade Kombucha are attached to this Complaint as Exhibit 1.  The various flavors of Health-Ade Kombucha are substantially identical other than their flavor profile, as each flavor is above the 0.5 percent alcohol by volume threshold and, on information and belief, understates the amount of sugar in the beverages.  None of the flavors has the requisite government warning required for alcoholic beverages.

AMENDED CLASS ACTION COMPLAINT                                                    1
CASE NO. 3:18-cv-01462 MMC

Ade Kombucha to consumers under the age of 21 and to visibly pregnant women without warning or disclosure that the beverages are alcoholic.

3.      Further, on information and belief, Health-Ade greatly understates the sugar content of Health-Ade Kombucha beverages on the products' labels, making the beverages appear healthier than they really are.  The undeclared sugar content of Health-Ade Kombucha beverages contributes to the continued fermentation of the beverages after bottling.  As discussed herein, such continued fermentation in part causes Health-Ade Kombucha beverages to cross the .5 percent alcohol by volume threshold set for non-alcoholic beverages.

4.      Plaintiffs purchased numerous bottles of Health-Ade Kombucha based on Defendants' misleading and false advertising and labeling of the products.

5.      Plaintiffs seeks relief in this action individually, and on behalf of all purchasers of Health-Ade Kombucha beverages, for Defendants' violations of the California Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq*., Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq*., False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq*., for breach of express and implied warranties, negligent misrepresentation, fraud, and unjust enrichment.  Plaintiff Verbeck also seeks relief in this action individually, and on behalf of purchasers of Health-Ade Kombucha beverages in New York for violation of New York Gen. Bus. Law ("GBL") §§ 349-350.

## PARTIES

6.      Plaintiff Gabriela Bayol is a citizen of California, residing in San Francisco.  Within the past three years, Ms. Bayol purchased Health-Ade Kombucha beverages from Whole Foods in San Francisco.  Ms. Bayol purchased the Health-Ade Kombucha: Original flavor.  Ms. Bayol purchased the products with the belief and on the basis that the products were non-alcoholic.  The labels of the Health-Ade Kombucha beverages she purchased did not bear a government warning concerning the consumption of alcoholic beverages, nor any other clear or conspicuous warning regarding the beverages' high alcohol content.  Ms. Bayol did not have to show any identification of her age in order to purchase the Health-Ade Kombucha products at Whole Foods.  The Health-

1   Ade Kombucha beverages were displayed in a section separate from other alcoholic beverages

2   (*e.g.*, beer) at the Whole Foods location at which she made her purchases.  Ms. Bayol would not

3   have purchased the products at the time had she known that they contained significant levels of

4   alcohol and were considered alcoholic beverages.  Further, Ms. Bayol would have paid

5   significantly less for the products had she known that the products mischaracterized the level of

6   sugar and alcohol in the bottles.  Should Ms. Bayol encounter any Health-Ade Kombucha

7   beverages in the future, she could not rely on the truthfulness of the labels' statements

8   characterizing the level of sugar and alcohol (or the absence of alcohol) in the beverages, absent

9   corrective advertising.  Further, should Ms. Bayol encounter any Health-Ade Kombucha beverages

10  in the future, she could not rely on the labels' tiny print buried in the corner of the labels that the

11  products contain only "trace amounts of alcohol."  However, Ms. Bayol would still be willing to

12  purchase the current formulations of Health-Ade Kombucha so long as Defendants engage in

13  corrective advertising.

14       7.      Plaintiff Bruce Verbeck is a citizen of New York, residing in North Tonawanda,

15  New York.  Within the past two years, Mr. Verbeck purchased Health-Ade Kombucha beverages

16  from Whole Foods in and around Buffalo, New York.  Mr. Verbeck purchased the Health-Ade

17  Kombucha: Ginger-Lemon, and Pomegranate flavors.  Mr. Verbeck purchased the products with

18  the belief and on the basis that the products were non-alcoholic.  The labels of the Health-Ade

19  Kombucha beverages he purchased did not bear a government warning concerning the

20  consumption of alcoholic beverages, nor any other clear or conspicuous warning regarding the

21  beverages' high alcohol content.  Mr. Verbeck did not have to show any identification of his age in

22  order to purchase the Health-Ade Kombucha products at Whole Foods.  The Health-Ade

23  Kombucha beverages were displayed in a section separate from other alcoholic beverages (*e.g.*,

24  beer) at the Whole Foods location at which he made his purchases.  Mr. Verbeck would not have

25  purchased the products at the time had he known that they contained significant levels of alcohol

26  and were considered alcoholic beverages.  Further, Mr. Verbeck would have paid significantly less

27  for the products had he known that the products mischaracterized the level of sugar and alcohol in

28

AMENDED CLASS ACTION COMPLAINT                                                              3
CASE NO. 3:18-cv-01462 MMC

the bottles.  Should Mr. Verbeck encounter any Health-Ade Kombucha beverages in the future, he could not rely on the truthfulness of the labels' statements characterizing the level of sugar and alcohol (or the absence of alcohol) in the beverages, absent corrective advertising.  Further, should Mr. Verbeck encounter any Health-Ade Kombucha beverages in the future, he could not rely on the labels' tiny print buried in the corner of the labels that the products contain only "trace amounts of alcohol."  However, Mr. Verbeck would still be willing to purchase the current formulations of Health-Ade Kombucha so long as Defendants engage in corrective advertising.

8.      Defendant Health-Ade LLC is a Delaware corporation located and headquartered in Torrance, California.  Health-Ade brews and bottles its Health-Ade Kombucha beverages in California.  Health-Ade manufactures, advertises, sells, distributes, and markets Health-Ade Kombucha beverages as alleged herein nationwide, including in California.  Health-Ade's misleading marketing, advertising, labeling, and production information concerning the level of sugar and alcohol in its Kombucha beverages was conceived, reviewed, approved, and otherwise controlled from Health-Ade's California headquarters.  Health-Ade's misleading marketing concerning the sugar and alcohol content of its Kombucha beverages was coordinated at, emanated from, and was developed at its California headquarters.  All critical decisions regarding the misleading alcohol and sugar marketing and labeling of Health-Ade Kombucha were made in California.

9.      Defendant Whole Foods Market California, Inc. is a California corporation headquartered in Emeryville, California.  Defendant Whole Foods Market California, Inc. sells and advertises Health-Ade Kombucha beverages as alleged herein in California.  Defendant Whole Foods Market California, Inc. has full control and authority of how alcoholic beverages, including Health-Ade Kombucha, are advertised, marketed, and sold within its stores.  Whole Foods has adopted Health-Ade's fraud and misleading advertising regarding the alcohol content of Health-Ade kombucha as its own, and has thereby contributed to and abetted the false and misleading advertising, by (1) selling and displaying Health-Ade Kombucha separate from other alcoholic beverages, (2) by failing to make any disclosure or warning regarding the alcoholic content of the

beverages, and (3) by selling the alcoholic beverages without requiring any identification of age prior to purchase.  Whole Foods has complete control over the absence of any such warning or disclosures concerning the alcohol content of Health-Ade Kombucha and over the lack of any requirement for showing identification prior to purchase.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000, exclusive of interest and costs, and Plaintiffs, as well as most members of the proposed nationwide class, are citizens of states different from the states of Defendants. Defendants have sold hundreds of thousands, if not millions, of bottles of Health-Ade Kombucha beverages.

11.     This Court has general jurisdiction over Defendants because they are both headquartered in California.  Further, the Court has general jurisdiction over all Defendants because they conduct substantial business within California such that Defendants have significant, continuous, and pervasive contacts with the State of California.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the challenged mislabeling, misbranding, and marketing practices have been disseminated and committed in this District and because Plaintiff Bayol resides and suffered the alleged harm in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

13.     The name "kombucha" comes from the common name for what is essentially a fermented tea drink.  Kombucha, including Health-Ade Kombucha, is made of tea that ferments for up to a month while a "blob" of bacteria known as "scoby" (for symbiotic colony of bacteria and yeast) floats on top.  The scoby then "eats" the sugar, acids, and caffeine in the tea, creating a cocktail of live microorganisms.  Basic chemistry explains that the scoby converts the sugar into carbon dioxide and alcohol.

14.     Health-Ade attempts to differentiate itself from its competitors by claiming on its website that it is made the "old-school" way through primary and secondary fermentation using "4

simple ingredients" of sugar, water, tea, and scoby.[2]  Health-Ade states that pursuant to this "real way" of making kombucha, it can "take up to 4 weeks to make a bottle."

15.     Having started in only 2012, Health-Ade has seen a meteoric rise.  Health-Ade now boasts of brewing 100,000 bottles daily, with 60,000 jars fermenting on a weekly basis.[3]  However, Health-Ade's rise is built on a poorly kept industry secret – kombucha made the "real way," without pasteurization, predictably becomes highly alcoholic.  While pasteurized versions of kombucha products are non-alcoholic, as the pasteurization kills the yeast in the kombucha, raw (unpasteurized) versions of kombucha become alcoholic over time as the living yeast in the beverage converts sugars into alcohol.  Such natural conversion of sugar to alcohol in unpasteurized kombucha beverages can result in alcohol levels as high as 4 percent alcohol by volume (and even higher), roughly the same alcohol content as regular beer.  Health-Ade Kombucha is no different – it contains more than twice the limit of permitted alcohol by volume content.

16.     In 2010, major retailers throughout the country, including Defendant Whole Foods Market California, Inc., were forced to immediately stop selling kombucha beverages because it was discovered that the beverages contained alcohol levels as high as 2.5 percent by volume, roughly five times the legal limit for non-alcoholic beverages.  The discoveries sparked Federal Drug Administration ("FDA") and Alcohol and Tobacco Tax and Trade Bureau ("TTB") investigations concerning the alcohol content of various kombucha products.

17.     Several other manufacturers of kombucha beverages, such as Honest Tea, owned and operated by the Coca-Cola Company, were unable to reformulate their kombucha beverages to ensure that the products never crossed the 0.5 alcohol by volume threshold at retail or consumption.  "Despite reformulating its kombucha drinks in August 2010, Honest Tea found that the level of alcohol in Honest Kombucha – when left at room temperature – increased beyond 0.5

---

[2] https://health-ade.com/what-is-kombucha/?v=7516fd43adaa#zgHyrrycV2jgcysA.97
[3] https://health-ade.com/about/story/?v=7516fd43adaa#EY3tbmJxQsDJ4wHb.97

percent.  Citing the difficulty in maintaining legal alcohol levels, Honest Tea discontinued the line

in December 2010."[4]

18.     Since that time, seeking to capitalize on the consumer craze and desire surrounding

kombucha beverages, kombucha manufacturers have found many creative ways to ensure that their

kombucha beverages did not cross the 0.5 percent alcohol by volume standard, such as through

pasteurization.  Others have chosen to continue making "raw" and unpasteurized kombucha but

include the federally mandated warning for alcoholic beverages.  Health-Ade has apparently

chosen a third path.  Continue brewing raw, unpasteurized kombucha without disclosing that the

kombucha is an alcoholic beverage.

### Health-Ade has been on Notice of High Alcohol and Sugar Content for Years

19.     On October 15, 2015, Health-Ade was sued in the Superior Court of the State of

California by two consumers who alleged that Health-Ade Kombucha contained "significant

amounts of alcohol" and failed to make the requisite alcohol disclosures, and also that Health-Ade

Kombucha had four to six times more sugar than declared on the label.  Both cases appear to have

been dismissed without adjudication of the merits.  *See Hood v. Health-Ade, LLC*, 115-cv-286909

(Santa Clara); *Samet v. Health-Ade, LLC*, 115-cv-286907 (Santa Clara).

20.     On December 19, 2017, Health-Ade was sued by a competitor, Tortilla Factory,

LLC alleging, *inter alia*, violation of the Lanham Act (15 U.S.C. § 1125) for understating the

alcohol and sugar content of the Health-Ade Kombucha beverages.  *See Tortilla Factory, LLC, v.

Health-Ade LLC*, Case No. 2:17-cv-9090-MWF-AFM (Central District of California).  Although

the *Tortilla Factory* case alleges harm via lost profits and competitive disadvantage (Tortilla

allegedly makes a non-alcoholic kombucha), the allegations of the Tortilla Factory concern largely

the same underlying fraud and misleading advertising as alleged herein.  For instance, Tortilla

Factory alleges that "Health-Ade advertises, markets and promotes the Kombucha Products as

being non-alcoholic beverages, when, in fact, their products contain more than 0.5% alcohol.

---

[4] Ray Latif, *Kombucha Class Action Suits Settled with GT's, Honest Tea*, BevNet.com, Nov. 8, 2011.  Available at http://www.bevnet.com/news/2011/kombucha-class-action-suits-settled-with-gts-honest-tea (last accessed March 5, 2018).

Nowhere on the Kombucha Products is there any conspicuous disclosure that the products contain alcohol ... Kombucha Products also understate the sugar content of their drinks, to mislead consumers into believing their products are healthier than other kombucha drinks on the market that properly advertise their sugar content." The *Tortilla Factory* case is still pending.

21. Plaintiff Bayol sent both Defendants demand letters outlining the summary of the allegations of the complaint herein in February. However, Health-Ade Kombucha remains on shelves nationwide, and Defendants do not appear inclined to issue any corrective advertising or compensate injured consumers.

### TTB Accredited Lab Results Show that Health-Ade Kombucha has Greater than 0.5 Percent Alcohol by Volume

22. Within the past four months, Brewing & Distilling Analytical Services, LLC, an independent, TTB certified laboratory, conducted tests on multiple batches of Health-Ade Kombucha beverages. Each test showed that every bottle of the products contained a level of alcohol by volume greater than 0.5 percent.

23. Brewing & Distilling Analytical Services LLC ("BDAS") conducted tests to determine the level of alcohol by volume in Health-Ade Kombucha by selecting multiple bottles from multiple stores, including a local Whole Foods store. Four Health-Ade Kombucha flavors were tested, including Pink Lady Apple, Cayenne Cleanse, California Grape, and Original. None of the products passed their stated expiration date at the time of testing. The smallest percentage of alcohol by volume detected among all the Health-Ade Kombucha products tested by BDAS was 0.88 percent alcohol by volume. Not a single product tested was below the federally mandated 0.5 percent alcohol by volume limit. Half of the products contained more than twice the allowed alcohol content.

### Every Health-Ade Kombucha Bottle Violates a Host of Federal and State Law Regulating the Labeling of Alcoholic Beverages

24. Prior to a recent update, the TTB's website stated that "TTB's initial testing of kombucha in the marketplace reveals that many of these products contain at least 0.5 percent alcohol by volume. These products are alcohol beverages and are consequently subject to

regulation."[5]  The TTB stated that its "primary concern is to ensure that consumers are not misled about the nature of alcohol beverage products that might be marketed as non-alcoholic beverages. It is important that consumers are adequately informed about the nature of these products."

25.    The TTB's current website shows that the concern over alcohol in kombucha beverages persists.  "Some kombucha products contain 0.5% or more alcohol by volume.  These products are alcohol beverages ... It is important to note that regardless of the alcohol content of the finished beverage, when kombucha reaches 0.5% alcohol or more by volume at any time during the production process, it must be produced on a TTB-qualified premises and is subject to TTB regulation.  Thus, for example, a producer of a kombucha-style beer that reaches an alcohol content of 1.2% alcohol by volume during production must qualify as a brewer and comply with TTB regulations in 27 CFR part 25, even if the finished product is a non-alcoholic beverage (containing less than 0.5% alcohol by volume)."[6]

26.    According to the TTB, "[e]ven though a kombucha beverage may have less than 0.5% alcohol by volume at the time of bottling, fermentation may continue in the bottle after it leaves the production facility, depending on how the kombucha beverage is made and stored.  As a result, the alcohol content may increase to 0.5% or more alcohol by volume.  Such a product is an alcohol beverage, which is subject to the laws and regulations governing the production, taxation, labeling, marketing, and distribution of alcohol beverages."[7]

27.    The TTB makes clear that a distributor and manufacturer (such as Health-Ade) cannot escape liability for failing to include the requiring alcohol warning statement even if the beverages become alcoholic after they are sold downstream to retailers or consumers that fail to refrigerate the beverages.  "Refrigeration of the product is not an adequate method of ensuring that the alcohol content will not increase while in the original container after removal because, among other things, you cannot control whether the product will be refrigerated after removal."[8]

---

[5] https://web.archive.org/web/20150818084444/http://www.ttb.gov/faqs/kombucha-faqs.shtml
[6] https://www.ttb.gov/kombucha/kombucha-general.shtml#responsibilities
[7] *Id.*
[8] *Id.*

28.     In the Frequently Asked Questions portions of its website, the TTB explains in a series of questions and answers the various labeling requirements kombucha beverages must meet if they have more than 0.5 percent alcohol by volume.  One of the questions is "Are kombucha containers required to bear a health warning statement?"  The TTB answers, "Yes, if the kombucha beverage contains 0.5 percent or more alcohol by volume.  The container of any alcohol beverage sold or distributed in the United States with an alcohol content of 0.5 percent or more must bear the health warning statement required by the Alcoholic Beverage Labeling Act of 1988," citing 27 C.F.R. § 16.  In turn, 27 C.F.R. § 16.10 defines "Alcoholic beverage" as "any beverage in liquid form which contains not less than one-half of one percent (.5%) of alcohol by volume and is intended for human consumption."  27 C.F.R. § 16.20 goes on to state that "no person shall bottle for sale or distribution in the United States any alcoholic beverage unless the container of such beverage bears the health warning statement required by § 16.21."

29.     27 C.F.R. § 16.21 states that "[t]here shall be stated on the brand label or separate front label, or on a back or side label, separate and apart from all other information, the following statement: GOVERNMENT WARNING: (1) According to the Surgeon General, women should not drink alcoholic beverages during pregnancy because of the risk of birth defects. (2) Consumption of alcoholic beverages impairs your ability to drive a car or operate machinery, and may cause health problems."  The labels of Health-Ade Kombucha do not bear this warning.

30.     Further, the TTB has stated that certain "beers," including kombucha products, "that [are] made without both malted barley and hops .... must ... comply with FDA labeling requirements.  Such products are still subject to the marking requirements of the IRC and the health warning statement requirements of ABLA."[9]  The FDA clarifies that such alcoholic beverages are subject to the nutrition labeling requirements set out at 21 C.F.R. 101.9, and the general requirements of 21 C.F.R. 101.3 and 21 C.F.R. 101.4.[10]  Because Health-Ade Kombucha is "made

---

[9] *Id.*
[10] U.S. Food and Drug Administration, *Guidance for Industry: Labeling of Certain Beers Subject to the Labeling Jurisdiction of the Food and Drug Administration*, December 2014.  Available at http://www.fda.gov/Food/GuidanceRegulation/GuidanceDocumentsRegulatoryInformation/LabelingNutrition/ucm166239.htm#ref4 (last accessed March 6, 2018).

without both malted barley and hops," Health-Ade Kombucha is also subject to the general

nutrition labeling requirements set out by the FDA.  Accordingly, the labels of Health-Ade

Kombucha are subject to the "false and misleading" standard of 21 U.S.C. § 343(a)(1) and the

corresponding state law counterparts that track the federal standards.  *See, e.g*., Cal. Health &

Safety Code § 110100 ("All food labeling regulations and any amendments to those regulations

adopted pursuant to the federal act … shall be the food labeling regulations of this state."); 1

N.Y.C.R.R. § 259.1 (same).  Because Health-Ade Kombucha contains alcohol above 0.5 percent

by volume, it is misbranded under the FDA's labeling requirements, and the corresponding state

law counterparts that track the federal standards.

31.     Defendants' sale and marketing of Health-Ade Kombucha as a non-alcoholic

beverage also violates a host of State consumer health and safety regulations.  For example,

California Health & Safety Code Section 25249.2 provides that "[n]o person in the course of doing

business shall knowingly and intentionally expose any individual to a chemical known to the state

to cause cancer or reproductive toxicity without first giving clear and reasonable warning to such

individual, except as provided in Section 25249.10."  The method of warning should be a warning

that appears on the product's label.  *See* 27 Cal. Code of Reg. § 25603(c).  Pursuant to Proposition

65, the Safe Drinking Water and Toxic Enforcement Act ("Proposition 65"), California recognizes

"Ethyl alcohol in alcoholic beverages" as a chemical known to cause reproductive toxicity.  27 Cal.

Code of Reg. § 27001(c).  "Alcoholic beverage" includes "every liquid or solid containing alcohol,

spirits, wine, or beer, and which contains one-half of one percent or more of alcohol by volume and

which is fit for beverage purposes either alone or when diluted, mixed, or combined with other

substances."  *Consumer Cause, Inc. v. Arkopharma, Inc*. (2003) 106 Cal. App. 4th 824, 829 (citing

Cal. Bus. & Prof. Code § 23004).  Because Health-Ade Kombucha in fact contains "one-half of

one percent or more of alcohol by volume," but the labels do not bear the appropriate warning, the

products violate Proposition 65.  A warning statement identical to the one prescribed by 27 C.F.R.

§ 16.21 would suffice to comply with the law and to notify consumers.

32.     While Plaintiffs do not know whether Health-Ade Kombucha is below 0.5 alcohol by volume at the moment it leaves Health-Ade's distribution center, what is clear is that the beverages are significantly above the 0.5 threshold at the time of sale and consumption.  Under federal law, Defendants cannot turn a blind eye to what happens to Health-Ade Kombucha products after they leave Health-Ade's facilities, and, considering that continued fermentation and high alcohol content is an industry-wide problem, Plaintiffs allege on information and belief that Health-Ade knowingly and willfully distributes Health-Ade Kombucha in violation of Federal and State laws that require such beverages to contain the government warning, as set out above.

33.     Defendants' sale and marketing of Health-Ade Kombucha as non-alcoholic, low sugar beverages is highly misleading to a reasonable consumer, including Plaintiffs.  Because Health-Ade Kombucha does not include any warnings concerning the significant presence of alcohol, consumers, including Plaintiffs, are led to believe that the products are safe to consume when driving a car, operating machinery, and taking with potentially a deadly cocktail of incompatible medications.

34.     As discussed above, Health-Ade double-downs on its disguise of Health-Ade Kombucha as a purportedly non-alcoholic beverage by promoting it to customers specifically seeking to avoid alcohol.  On its website, Health-Ade provides a "mocktail"[11] recipe using Health-Ade Kombucha.  According to Health-Ade, the resulting "mocktail," made in part from the alcoholic Health-Ade Kombucha, is "equally pleasing to the eye AND it's alcohol-free!"[12]  Health-Ade promotes another Health-Ade Kombucha-based "mocktail" for those that are "trying to cut down on sugar and/or alcohol."[13]  Yet another "mocktail" using Health-Ade Kombucha is advertised for users that have "[t]hat feeling of knowing you're doing your body a favor by cutting

---

[11] A "mocktail" is a common term for a nonalcoholic cocktail. http://www.dictionary.com/browse/mocktail?s=t
[12] https://health-ade.com/holiday-cheers-sangria/?v=7516fd43adaa#qHcbtJbwwBDwHpUG.97. *See also* https://health-ade.com/blackberry-hibiscus-kombucha-mocktail/?v=7516fd43adaa#gDE30jmze17jfbLU.97 (promoting a different mocktail using Health-Ade Kombucha).
[13] https://health-ade.com/kombucha-mocktail-kick-off-new-year/?v=7516fd43adaa#1mOY6lcsCH2IXlGc.97

out the booze."[14]  Each of these posts, and Health-Ade's website is littered with them, are designed to mislead consumers into believing the Health-Ade Kombucha is a non-alcoholic beverage, when it is.

35.    In the starkest example of Health-Ade's alcohol misrepresentations, Health-Ade has a page on its website dedicated to answering the question: "Does Kombucha Have Alcohol? 5 Things to Know."[15]  Health-Ade starts out by admitting that yes, kombucha has at least a "trace" of alcohol.  However, Health-Ade then poses the following questions and answers:

**Question #2: So is kombucha like wine or beer?**

No. One of the cool things about kombucha is that the yeast and bacteria work in symbiosis, so as the yeast continues to produce ethanol, the bacteria continue to convert that ethanol into acid.

It's a constant cycle.

So the alcohol content in kombucha is self-limiting.
...

**Question #3: How much alcohol does kombucha have?**

By law non-alcoholic beverages must contain less than 0.5% ABV.

Keeping your kombucha properly refrigerated until you drink it will help ensure the alcohol remains stable (because once the kombucha gets warm, those gut-friendly probiotics get active again and fermentation will continue).[16]

36.    Health-Ade's statements that the "alcohol content in kombucha is self-limiting" is false and misleading, as Health-Ade Kombucha itself is significantly alcoholic and increases in alcohol percentage over time.  Further, Health-Ade's attempt to shift the responsibility on consumers and distributors to refrigerate the products after sale to avoid the "fermentation" that will "continue" does not absolve it of liability and is directly contrary to Federal law.  As discussed above, the TTB requires that Health-Ade Kombucha bear the government warning regardless of refrigeration issues, so long as Health-Ade Kombucha rises above 0.5 percent alcohol by volume at any time.

---

[14] https://health-ade.com/kombucha-summer-mocktail/?v=7516fd43adaa#u847MmJ7HlVoHydt.97
[15] https://health-ade.com/does-kombucha-have-alcohol/?v=7516fd43adaa#Eqgg9LUSdlUB40d0.97
[16] *Id.*

AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:18-cv-01462 MMC

13

37.     Health-Ade has made, and continues to make, unlawful and misleading claims on the labels of Health-Ade Kombucha that are prohibited by identical federal and state laws, and which render these products misbranded.  Under federal and state law, Health-Ade Kombucha cannot legally be manufactured, distributed, held, or sold.

**CLASS REPRESENTATION ALLEGATIONS**

38.     Plaintiffs bring this action as a class action under Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all persons in the United States who purchased Health-Ade Kombucha beverages.

39.     Plaintiff Bayol also seeks to represent a subclass defined as all members of the Class who purchased Health-Ade Kombucha in California (the "California Subclass").

40.     Plaintiff Verbeck also seeks to represent a subclass defined as all members of the Class who purchased Health-Ade Kombucha in New York (the "New York Subclass").

41.     Plaintiffs reserve the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

42.     Excluded from the Class are the Defendants, the officers and directors of the Defendants at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

43.     Also excluded from the Class are persons or entities that purchased Health-Ade Kombucha for purposes of resale.

44.     Plaintiff Bayol is a member of the Class and California Subclass she seeks to represent.  Plaintiff Verbeck is a member of the Class and New York Subclass he seeks to represent.

45.     Defendants sell hundreds of thousands, if not millions, of bottles of Health-Ade Kombucha.  Health-Ade Kombucha are available in major supermarkets nationwide, including in California and New York.  Accordingly, members of the Class are so numerous that their

individual joinder herein is impracticable.  The precise number of Class members and their identities are unknown to Plaintiffs at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants, third party retailers, and vendors.

46.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to whether Health-Ade Kombucha is misbranded, and whether the labeling, marketing and promotion of Health-Ade Kombucha is false and misleading.

47.     The claims of the named Plaintiffs are typical of the claims of the Class in that the named Plaintiffs were exposed to and relied on Defendants' false, misleading and misbranded labels, purchased Health-Ade Kombucha, and suffered losses as a result of those purchases.

48.     Plaintiffs are adequate representatives of the Class because Plaintiffs' interests do not conflict with the interests of the Class members Plaintiffs seek to represent, Plaintiffs have retained competent counsel experienced in prosecuting class actions, and Plaintiffs intend to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel.

49.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I

### Violation of California's Consumers Legal Remedies Act,

### California Civil Code §§ 1750, *et seq*.

50.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

51.     Plaintiffs Bayol and Verbeck bring this claim individually and on behalf of members of the proposed Class against Health-Ade.  Plaintiff Bayol also brings this claim individually and on behalf of members of the proposed California Subclass against both Defendants.

52.     Plaintiffs and Class members are consumers who purchased Health-Ade Kombucha for personal, family or household purposes.  Plaintiffs and the Class are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d).  Plaintiffs and the Class members are not experts with the independent knowledge of the nature, level, or amount of alcohol and sugar found in Health-Ade Kombucha or kombucha beverages generally.  Plaintiffs and the Class members are not experts with the independent knowledge of the fermentation process or alcohol level of Health-Ade Kombucha or kombucha beverages generally.

53.     The Health-Ade Kombucha that Plaintiffs and Class members purchased from Defendants were "goods" within the meaning of Cal. Civ. Code § 1761(a).

54.     Defendants' actions, representations, and conduct have violated, and continue to violate the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of goods to consumers.

55.     Defendants' representation that Health-Ade Kombucha only has a "trace amounts of alcohol" and the absence of the government warning concerning alcoholic beverages on the labels of Health-Ade Kombucha make such advertising false and misleading to a reasonable consumer, including Plaintiffs, because Health-Ade Kombucha in fact contains above 0.5 percent alcohol by volume, making the product an alcoholic beverage that must bear the appropriate warning under state and federal law.  Further, the lack of appropriate warning on the labels of Health-Ade

Kombucha, in addition to the fact that the beverage is sold to persons under 21 years of age and without identification, is a serious health hazard to consumers because, *inter alia*, such beverages are purchased by minors and because uninformed consumers purchase the products before driving a vehicle, operating machinery, and during pregnancy.  The lack of appropriate warning and disclaimers is further a health hazard because the beverages are unwittingly consumed by persons struggling with alcohol addiction and those that cannot consume alcohol for medical reasons. Without the appropriate warning and notice that the beverage is alcoholic, Health-Ade Kombucha is an unreasonably dangerous product that is unfit for sale.

56.   Further, Defendants' understatement of the amount of sugar in Health-Ade Kombucha make such advertising false and misleading to a reasonable consumer, including Plaintiffs.  The excess amount of sugar in the beverages also makes Health-Ade Kombucha less healthy than advertised.

57.   California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."  By engaging in the conduct set forth herein, Defendants violated and continue to violate Section 1770(a)(5) of the CLRA, because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendants misrepresent the particular characteristics, benefits and quantities of the goods.

58.   Cal. Civ. Code § 1770(a)(7) prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.  By engaging in the conduct set forth herein, Defendants violated and continue to violate Section 1770(a)(7) of the CLRA, because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendants misrepresent the particular standard, quality or grade of the goods.

59.     Cal. Civ. Code § 1770(a)(9) further prohibits "[a]dvertising goods or services with intent not to sell them as advertised."  By engaging in the conduct set forth herein, Defendants violated and continue to violate Section 1770(a)(9), because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendants advertise goods with the intent not to sell the goods as advertised.

60.     Plaintiffs and Class members are not experts about the nature, level, or amount of alcohol and sugar found in Health-Ade Kombucha or kombucha beverages in general.  Plaintiffs and the Class members are not experts with the independent knowledge of the fermentation process or alcohol level of Health-Ade Kombucha or kombucha beverages generally.  Plaintiffs and the Class acted reasonably when they purchased Health-Ade Kombucha based on their belief that Defendants' representations were true and lawful.

61.     Plaintiffs and the Class suffered injuries caused by Defendants because (a) they would not have purchased Health-Ade Kombucha absent Defendants' representations and omission of a warning concerning the product's alcohol content; (b) they would not have purchased Health-Ade Kombucha on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for Health-Ade Kombucha due to Defendants' misrepresentations and omissions; and (d) Health-Ade Kombucha did not have the characteristics, benefits, or quantities as promised.

62.     Plaintiff Bayol has mailed appropriate demand letters consistent with California Civil Code § 1782(a).

63.     Wherefore, Plaintiffs seek damages, restitution, and injunctive and equitable relief for these violations of the CLRA.

## **COUNT II**

### **Violation of California's Unfair Competition Law,**

### **California Business & Professions Code §§ 17200, _et seq_.**

64.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

65.     Plaintiffs Bayol and Verbeck bring this claim individually and on behalf of the members of the proposed Class against Health-Ade.  Plaintiff Bayol also brings this claim individually and on behalf of members of the proposed California Subclass against both Defendants.

66.     Defendants are subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

67.     Defendants' representation that Health-Ade Kombucha only has a "trace amounts of alcohol" and the absence of the government warning concerning alcoholic beverages on the labels of Health-Ade Kombucha make such advertising false and misleading to a reasonable consumer, including Plaintiffs, because Health-Ade Kombucha in fact contains above 0.5 percent alcohol by volume, making the product an alcoholic beverage that must bear the appropriate warning under state and federal law.  Further, the lack of appropriate warning on the labels of Health-Ade Kombucha, in addition to the fact that the beverage is sold to persons under 21 years of age and without identification, is a serious health hazard to consumers because, *inter alia*, such beverages are purchased by minors and because uninformed consumers purchase the products before driving a vehicle, operating machinery, and during pregnancy.  The lack of appropriate warning and disclaimers is further a health hazard because the beverages are unwittingly consumed by persons struggling with alcohol addiction and those that cannot consume alcohol for medical reasons.  Without the appropriate warning and notice that the beverage is alcoholic, Health-Ade Kombucha is an unreasonably dangerous product that is unfit for sale.

68.     Further, Defendants' understatement of the amount of sugar in Health-Ade Kombucha make such advertising false and misleading to a reasonable consumer, including Plaintiffs.  The excess amount of sugar in the beverages also makes Health-Ade Kombucha less healthy than advertised.

69.     Defendants' business practices, described herein, violated the "unlawful" prong of the UCL by violating Section 403(r) of the FDCA [21 U.S.C. 343(r)(1)(a)], California Health & Safety Code § 110670, 27 C.F.R. § 16, California Health & Safety Code Section 25249.2, the CLRA, the FAL and other applicable law as described herein.

70.     Defendants' business practices, described herein, violated the "unfair" prong of the UCL in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.  Defendants' advertising is of no benefit to consumers, and has been declared misleading to consumers by the TTB and FDA.  Creating consumer confusion regarding the levels of alcohol and sugar is of no benefit to consumers.  Defendants' advertising of Health-Ade Kombucha as the non-alcoholic and the fact that the labels of Health-Ade Kombucha do not bear warnings concerning the presence of significant amounts of alcohol causes the products to pose a threat to public health, safety, and morality.  Consumers are unwittingly purchasing and consuming Health-Ade Kombucha products prior to driving a car or operating machinery and while pregnant or under 21 years of age.  Further, many consumers may have religious or moral objections to the consumption of alcoholic beverages and would not buy Health-Ade Kombucha under any circumstances, even if the presence of alcohol was disclosed.  Such practices are of no benefit to consumers.

71.     Defendants violated the fraudulent prong of the UCL by misleading Plaintiffs and the Class to believe that Health-Ade Kombucha is a non-alcoholic beverage when, in fact, it contains a substantial amount of alcohol.  Defendants also violated the fraudulent prong by understating the amount of sugar in the beverages.

72.     Plaintiffs and Class members are not experts about the nature, level, or amount of alcohol and sugar found in Health-Ade Kombucha or kombucha beverages in general.  Plaintiffs and the Class members are not experts with the independent knowledge of the fermentation process or alcohol level of Health-Ade Kombucha or kombucha beverages generally.  Plaintiffs and the

Class acted reasonably when they purchased Health-Ade Kombucha based on their belief that Defendants' representations were true and lawful.

73.    Plaintiffs and the Class lost money or property as a result of Defendants' UCL violations because (a) they would not have purchased Health-Ade Kombucha absent Defendants' representations and omission of a warning concerning the product's alcohol content; (b) they would not have purchased Health-Ade Kombucha on the same terms absent Defendants' representations; (c) they paid a price premium for Health-Ade Kombucha due to Defendants' misrepresentations and omissions; and (d) Health-Ade Kombucha did not have the characteristics, benefits, or quantities as promised.

## **COUNT III**

### **Violation of California's False Advertising Law,**

### **California Business & Professions Code §§ 17500, *et seq*.**

74.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

75.    Plaintiffs Bayol and Verbeck bring this claim individually and on behalf of the members of the proposed Class against Health-Ade.  Plaintiff Bayol also brings this claim individually and on behalf of the members of the proposed California Subclass against both Defendants.

76.    California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

77.    Defendants engaged in a scheme of offering misbranded bottles of Health-Ade Kombucha for sale to Plaintiffs and the Class members by way of product packaging, labeling, and

AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:18-cv-01462 MMC

21

1   other promotional materials.  These materials misrepresented and/or omitted the true content and

2   nature of the misbranded bottles of Health-Ade Kombucha.  Defendants' advertisements and

3   inducements were made in and originated from California and come within the definition of

4   advertising as contained in Bus. & Prof. Code § 17500, *et seq.* in that the product packaging,

5   labeling, and promotional materials were intended as inducements to purchase Health-Ade

6   Kombucha, and are statements disseminated by Defendants to Plaintiffs and Class members.

7   Defendants knew that these statements were unauthorized, inaccurate, and misleading.

8       78.     Defendants' representation that Health-Ade Kombucha only has a "trace amounts of

9   alcohol" and the absence of the government warning concerning alcoholic beverages on the labels

10  of Health-Ade Kombucha make such advertising false and misleading to a reasonable consumer,

11  including Plaintiffs, because Health-Ade Kombucha in fact contains above 0.5 percent alcohol by

12  volume, making the product an alcoholic beverage that must bear the appropriate warning under

13  state and federal law.  Further, the lack of appropriate warning on the labels of Health-Ade

14  Kombucha, in addition to the fact that the beverage is sold to persons under 21 years of age and

15  without identification, is a serious health hazard to consumers because, *inter alia*, such beverages

16  are purchased by minors and because uninformed consumers purchase the products before driving

17  a vehicle, operating machinery, and during pregnancy.  The lack of appropriate warning and

18  disclaimers is further a health hazard because the beverages are unwittingly consumed by persons

19  struggling with alcohol addiction and those that cannot consume alcohol for medical reasons.

20  Without the appropriate warning and notice that the beverage is alcoholic, Health-Ade Kombucha

21  is an unreasonably dangerous product that is unfit for sale.

22      79.     Further, Defendants' understatement of the amount of sugar in Health-Ade

23  Kombucha make such advertising false and misleading to a reasonable consumer, including

24  Plaintiffs.  The excess amount of sugar in the beverages also makes Health-Ade Kombucha less

25  healthy than advertised.

26

27

28  AMENDED CLASS ACTION COMPLAINT                                                              22
    CASE NO. 3:18-cv-01462 MMC

80.     Defendants violated § 17500, *et seq.* by misleading Plaintiffs and the Class to believe that Health-Ade Kombucha is a non-alcoholic beverage that is low in sugar when, in fact, it contains a substantial amount of alcohol and sugar.

81.     Defendants knew or should have known, through the exercise of reasonable care that Health-Ade Kombucha were and continue to be misbranded, and that their representations and omissions about the alcohol and sugar content of the beverages were unauthorized, inaccurate, and misleading.  Defendants also knew or should have known, through the exercise of reasonable care that Health-Ade Kombucha is an alcoholic beverage and that Defendants' representations to the contrary are not true.

82.     Plaintiffs and the Class lost money or property as a result of Defendants' FAL violation because (a) they would not have purchased Health-Ade Kombucha absent Defendants' representations and omission of a warning concerning the product's alcohol content; (b) they would not have purchased Health-Ade Kombucha on the same terms absent Defendants' representations; (c) they paid a price premium for Health-Ade Kombucha due to Defendants' misrepresentations and omissions; and (d) Health-Ade Kombucha did not have the characteristics, benefits, or quantities as promised.

## COUNT IV

### Breach of Express Warranty

83.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

84.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class against Health-Ade.  Plaintiff Bayol also brings this claim individually and on behalf of the members of the proposed California Subclass against Health-Ade.  Plaintiff Verbeck also brings this claim individually and on behalf of the members of the proposed New York Subclass against Health-Ade.

85.     In connection with the sale of Health-Ade Kombucha, Defendant issues an express warranty that Health-Ade Kombucha contains between 2 to 3 grams of sugar per serving.

86.     Health-Ade's affirmation of fact and promise on Health-Ade's labels that the products contained between 2 to 3 grams of sugar per serving became part of the basis of the bargain between Health-Ade and Plaintiffs and Class members, thereby creating express warranties that the products would conform to Health-Ade's affirmation of fact, representations, promise, and description.

87.     Health-Ade breached their express warranty because Health-Ade Kombucha in fact contains substantially more sugar than promised on the labels.  In short, Health-Ade Kombucha do not live up to Health-Ade's express warranty.

88.     Plaintiffs and the Class members were injured as a direct and proximate result of Health Ade's breach because: (a) they would not have purchased Health-Ade Kombucha if they had known the true facts; (b) they paid for Health-Ade Kombucha due to the mislabeling of the products; (c) they would not have purchased Health-Ade Kombucha on the same terms if they had known the true facts; (d) they paid a price premium for Health-Ade Kombucha due to Health Ade's false warranties and affirmations of fact; and (e) Health-Ade Kombucha did not have the characteristics or qualities as promised.

## COUNT V

### Breach of Implied Warranty of Merchantability

89.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

90.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class against Health-Ade.  Plaintiff Bayol also brings this claim individually and on behalf of the members of the proposed California Subclass against both Defendants.  Plaintiff Verbeck also brings this claim individually and on behalf of the members of the proposed New York Subclass against Health-Ade.

91.     The Uniform Commercial Code § 2-314 provides that, unless excluded or modified, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.  To be "merchantable," goods must, *inter alia*, "run,

within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved," "are adequately contained, packaged, and labeled as the agreement may require," and "conform to the promise or affirmations of fact made on the container or label if any."

92.     Defendants, through their acts and omissions set forth herein, in their sale, marketing, and promotion of Health-Ade Kombucha, impliedly warranted that (a) Health-Ade Kombucha was a non-alcoholic beverage that could be lawfully purchased and safely consumed by anyone at any time; and (b) that Health-Ade Kombucha was a low-sugar beverage.

93.     Defendants were merchants with respect to the goods of this kind which were sold to Plaintiffs and the Class, and there was in the sale to Plaintiffs and other consumers an implied warranty that those goods were merchantable.

94.     However, Defendants breached that warranty implied in the contract for the sale of Health-Ade Kombucha in that the products do not contain the "quality and quantity" of kombucha beverages as impliedly warranted, and because Health-Ade Kombucha does not conform to the promises made on their labels, as described herein.

95.     As a result of Defendants' conduct, Plaintiffs and the Class did not receive goods as impliedly warranted by Defendants to be merchantable in that they did not conform to the promises and affirmations made on the container or label of the goods, and because they could not be safely or lawfully sold or consumed without disclosing Health-Ade Kombucha's alcoholic content.

96.     Plaintiffs and the Class members were injured as a direct and proximate result of Defendants' breach because: (a) they would not have purchased Health-Ade Kombucha if they had known the true facts; (b) they paid for Health-Ade Kombucha due to Defendants' implied warranties; (c) they would not have purchased Health-Ade Kombucha on the same terms if they had known the true facts; (d) they paid a price premium for Health-Ade Kombucha due to Defendants' implied warranties; and (e) Health-Ade Kombucha did not have the characteristics or qualities as impliedly warranted.

## COUNT VI

### Negligent Misrepresentation

97.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

98.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class against Health-Ade.  Plaintiff Bayol also brings this claim individually and on behalf of the members of the proposed California Subclass against both Defendants.  Plaintiff Verbeck also brings this claim individually and on behalf of the members of the proposed New York Subclass against Health-Ade.

99.     As discussed above, Defendants misrepresented that Health-Ade Kombucha was a non-alcoholic beverage and that Health-Ade Kombucha only had 2 to 3 grams of sugar per serving, when, in fact, Health-Ade Kombucha is an alcoholic beverage and contains significantly more sugar than advertised.

100.     At the time Defendants made these representations, Defendants knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

101.     At an absolute minimum, Defendants negligently misrepresented and/or negligently omitted material facts about Health-Ade Kombucha.

102.     The negligent misrepresentations and omissions made by Defendants, upon which Plaintiffs and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and Class members to purchase Health-Ade Kombucha.

103.     Plaintiffs and Class members would not have purchased Health-Ade Kombucha, or would not have purchased the products on the same terms, if the true facts had been known.

104.     The negligent actions of Defendants caused damage to Plaintiffs and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT VII

### Fraud

105.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

106.    Plaintiffs bring this claim individually and on behalf of the members of the proposed Class against Health-Ade.  Plaintiff Bayol also brings this claim individually and on behalf of the members of the proposed California Subclass against both Defendants.  Plaintiff Verbeck also brings this claim individually and on behalf of the members of the New York Subclass against Health-Ade.

107.    As discussed above, Defendants provided Plaintiffs and Class members with false or misleading material information and failed to disclose material facts about Health-Ade Kombucha, including but not limited to the fact that Health-Ade Kombucha was falsely marketed as a non-alcoholic beverage and did not contain the proper alcohol warnings, and that Health-Ade Kombucha misrepresents the amount of sugar in the products.  These misrepresentations and omissions were made with knowledge of their falsehood.

108.    The misrepresentations and omissions made by Defendants, upon which Plaintiffs and Class members reasonably and justifiably relied, were intended and actually induced Plaintiffs and Class members to purchase Health-Ade Kombucha.

109.    The fraudulent actions of Defendants caused damage to Plaintiffs and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT VIII

### Unjust Enrichment

110.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

111.    Plaintiffs bring this claim individually and on behalf of the members of the proposed Class against Health-Ade.  Plaintiff Bayol also brings this claim individually and on behalf of the members of the proposed California Subclass against both Defendants.  Plaintiff

Verbeck also brings this claim individually and on behalf of the members of the proposed New York Subclass against Health-Ade.

112. Plaintiffs and members of the Class conferred benefits on Defendants by purchasing Health-Ade Kombucha.

113. Defendants have knowledge of such benefits.

114. Defendants have been unjustly enriched in retaining the revenues derived from Plaintiffs and Class members' purchases of Health-Ade Kombucha. Retention of those moneys under these circumstances is unjust and inequitable because Defendants falsely and misleadingly represented that Health-Ade kombucha was a non-alcoholic beverage and did not include appropriate alcohol warnings, and further misrepresented the amount of sugar in Health-Ade Kombucha. These misrepresentations caused injuries to Plaintiffs and members of the Class because they would not have purchased Health-Ade Kombucha had the true facts been known.

115. Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiffs and members of the Class is unjust and inequitable, Defendants must pay restitution to Plaintiffs and members of the Class for their unjust enrichment, as ordered by the Court.

## COUNT IX

### Deceptive Acts Or Practices, New York GBL § 349

**(In The Alternative To Counts I, II, and III And On Behalf Of The New York Subclass)**

116. Plaintiff Verbeck hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

117. Plaintiff Verbeck brings this claim individually and on behalf of the members of the New York Subclass against Health-Ade.

118. Health-Ade committed unfair or deceptive acts and practices by offering misbranded bottles of Health-Ade Kombucha for sale to Plaintiff Verbeck and members of the New York Subclass.

119. The foregoing deceptive acts and practices were directed at consumers.

120.    The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics, ingredients, and benefits of Health-Ade Kombucha to induce consumers to purchase same.  Health-Ade's representation that Health-Ade Kombucha only has "trace amounts of alcohol" and the absence of the government warning concerning alcoholic beverages on the labels of Health-Ade Kombucha make such advertising false and misleading to a reasonable consumer, including to Plaintiff Verbeck, because Health-Ade Kombucha in fact contains above 0.5 percent alcohol by volume, making the product an alcoholic beverage that must bear the appropriate warning under state and federal law.  Further, the lack of appropriate warning on the labels of Health-Ade Kombucha, in addition to the fact that the beverage is sold to persons under 21 years of age and without identification, is a serious health hazard to consumers because, inter alia, such beverages are purchased by minors and because uninformed consumers purchase the products before driving a vehicle, operating machinery, and during pregnancy.  The lack of appropriate warning and disclaimers is further a health hazard because the beverages are unwittingly consumed by persons struggling with alcohol addiction and those that cannot consume alcohol for medical reasons.  Without the appropriate warning and notice that the beverage is alcoholic, Health-Ade Kombucha is an unreasonably dangerous product that is unfit for sale.

121.    Further, Health-Ade's understatement of the amount of sugar in Health-Ade Kombucha makes such advertising false and misleading to a reasonable consumer, including to Plaintiff Verbeck.  The excess amount of sugar in the beverages also makes Health-Ade Kombucha less healthy than advertised.

122.    Plaintiff Verbeck and members of the New York Subclass were injured because: (a) they would not have purchased Health-Ade Kombucha absent Health-Ade's representations and omission of a warning concerning the product's alcohol content; (b) they would not have purchased Health-Ade Kombucha on the same terms absent Health-Ade's representations; (c) they paid a price premium for Health-Ade Kombucha due to Health-Ade's misrepresentations and omissions; and (d) Health-Ade Kombucha did not have the characteristics, benefits, or quantities as promised.

123.    On behalf of himself and other members of the New York Subclass, Plaintiff Verbeck seeks to enjoin the unlawful acts and practices described herein, to recover his actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT X

## False Advertising, New York GBL § 350

**(In The Alternative To Counts I, II, and III And On Behalf Of The New York Subclass)**

124.    Plaintiff Verbeck hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

125.    Plaintiff Verbeck brings this claim individually and on behalf of the members of the New York Subclass against Health-Ade.

126.    Based on the foregoing, Health-Ade has engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York GBL.

127.    Health-Ade's false, misleading, and deceptive statements and representations of fact were and are directed to consumers.

128.    Health-Ade's false, misleading, and deceptive statements and representations of fact were and are likely to mislead a reasonable consumer acting reasonably under the circumstances because they fundamentally misrepresent the characteristics, ingredients, and benefits of Health-Ade Kombucha to induce consumers to purchase same.  Health-Ade's representation that Health-Ade Kombucha only has "trace amounts of alcohol" and the absence of the government warning concerning alcoholic beverages on the labels of Health-Ade Kombucha make such advertising false and misleading to a reasonable consumer, including to Plaintiff Verbeck, because Health-Ade Kombucha in fact contains above 0.5 percent alcohol by volume, making the product an alcoholic beverage that must bear the appropriate warning under state and federal law.  Further, the lack of appropriate warning on the labels of Health-Ade Kombucha, in addition to the fact that the beverage is sold to persons under 21 years of age and without identification, is a serious health

hazard to consumers because, inter alia, such beverages are purchased by minors and because uninformed consumers purchase the products before driving a vehicle, operating machinery, and during pregnancy.  The lack of appropriate warning and disclaimers is further a health hazard because the beverages are unwittingly consumed by persons struggling with alcohol addiction and those that cannot consume alcohol for medical reasons.  Without the appropriate warning and notice that the beverage is alcoholic, Health-Ade Kombucha is an unreasonably dangerous product that is unfit for sale.  Further, Health-Ade's understatement of the amount of sugar in Health-Ade Kombucha makes such advertising false and misleading to a reasonable consumer, including to Plaintiff Verbeck.  The excess amount of sugar in the beverages also makes Health-Ade Kombucha less healthy than advertised.

129.    Health-Ade's false, misleading, and deceptive statements and representations of fact have resulted in consumer injury or harm to the public interest.

130.    Plaintiff Verbeck and members of the New York Subclass have been injured because: (a) they would not have purchased Health-Ade Kombucha absent Health-Ade's representations and omission of a warning concerning the product's alcohol content; (b) they would not have purchased Health-Ade Kombucha on the same terms absent Health-Ade's representations; (c) they paid a price premium for Health-Ade Kombucha due to Health-Ade's misrepresentations and omissions; and (d) Health-Ade Kombucha did not have the characteristics, benefits, or quantities as promised.

131.    As a result of Health-Ade's false, misleading, and deceptive statements and representations of fact, Plaintiff Verbeck has suffered and will continue to suffer economic injury.

132.    Plaintiff Verbeck and members of the New York Subclass suffered an ascertainable loss caused by Health-Ade's misrepresentations and omissions because they paid more for Health-Ade Kombucha than they would have had they known the truth about Health-Ade Kombucha.

133.    On behalf of himself and other members of the New York Subclass, Plaintiff Verbeck seeks to enjoin the unlawful acts and practices described herein, to recover his actual

AMENDED CLASS ACTION COMPLAINT                                                                  31
CASE NO. 3:18-cv-01462 MMC

1  damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable

2  attorneys' fees.

3  ### PRAYER FOR RELIEF

4  WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek

5  judgment against Defendants, as follows:

6  a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil

7  Procedure and naming Plaintiffs as representative of the Class and Plaintiffs'

8  attorneys as Class Counsel to represent the Class members;

9  b) For an order certifying the California Subclass under Rule 23 of the Federal Rules

10  of Civil Procedure and naming Plaintiff Bayol as representative of the California

11  Subclass and Plaintiff's attorneys as Class Counsel to represent the California

12  Subclass members;

13  c) For an order certifying the New York Subclass under Rule 23 of the Federal Rules

14  of Civil Procedure and naming Plaintiff Verbeck as representative of the New York

15  Subclass and Plaintiff's attorneys as Class Counsel to represent the New York

16  Subclass members;

17  d) For an order declaring that Defendants' conduct violates the statutes and laws

18  referenced herein;

19  e) For an order finding in favor of Plaintiffs, the Class, the California Subclass, and the

20  New York Subclass, on all counts asserted herein;

21  f) For compensatory and punitive damages in amounts to be determined by the Court

22  and/or jury;

23  g) For prejudgment interest on all amounts awarded;

24  h) For an order of restitution and all other forms of equitable monetary relief;

25  i) For injunctive relief as pleaded or as the Court may deem proper; and

26  j) For an order awarding Plaintiffs and the Class their reasonable attorneys' fees and

27  expenses and costs of suit.

28

1

## DEMAND FOR TRIAL BY JURY

2      Plaintiffs demand a trial by jury of all issues so triable.

3

4    Dated:  May 10, 2018                          Respectfully submitted,

5                                                  **BURSOR & FISHER, P.A.**

6                                                  By:____*/s/ Yeremey Krivoshey*_____
                                                        Yeremey Krivoshey

7                                                  L. Timothy Fisher (State Bar No. 191626)
8                                                  Joel D. Smith (State Bar No. 244902)
                                                   Yeremey Krivoshey (State Bar No. 295032)
9                                                  1990 North California Boulevard, Suite 940
                                                   Walnut Creek, CA  94596
10                                                 Telephone: (925) 300-4455
                                                   Facsimile:  (925) 407-2700
11                                                 E-Mail: ltfisher@bursor.com
                                                          jsmith@bursor.com
12                                                        ykrivoshey@bursor.com

13                                                 **BURSOR & FISHER, P.A.**
                                                   Scott A. Bursor (State Bar No. 276006)
14                                                 888 Seventh Avenue
                                                   New York, NY 10019
15                                                 Telephone: (212) 989-9112
                                                   Facsimile: (212) 989-9163
16                                                 E-Mail: scott@bursor.com

17                                                 *Attorneys for Plaintiffs*

18

19

20

21

22

23

24

25

26

27

28

AMENDED CLASS ACTION COMPLAINT                                              33
CASE NO. 3:18-cv-01462 MMC

1

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

2

3
    I, Yeremey Krivoshey, declare as follows:

4
    1.    I am counsel for Plaintiffs, and I am an associate at Bursor & Fisher, P.A.  I make

5
this declaration to the best of my knowledge, information, and belief of the facts stated herein.

6
    2.    The complaint filed in this action is filed in the proper place for trial because a

7
substantial portion of the transaction occurred in this District, in that Plaintiff Bayol alleges that she

8
purchased Health-Ade Kombucha, the products at issue in the complaint, in this District.

9
    3.    Further, both Defendants are registered to conduct business with the California

10
Secretary of State and sell substantial amounts of Health-Ade Kombucha within this District.

11
    I declare under the penalty of perjury under the laws of the State of California that the

12
foregoing is true and correct, executed on May 9, 2018 at Walnut Creek, California.

13

14
                       */s/ Yeremey Krivoshey*
                         Yeremey Krivoshey

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**



**FOLLOW YOUR GUT!**

OUR ORGANIC AND RAW
CAYENNE CLEANSE KOMBUCHA,
A MIX OF LIME, GINGER, AND
SEMI-SPICY CAYENNE, WILL
MAKE YOU TINGLE HAPPY.

THE BEST TASTING AND HIGHEST QUALITY KOMBUCHA YOU CAN BUY.

all glass no plastic · real food handcrafted · small batch kombucha · cold-pressed flavors

1-844-FERMENT · health-ade.com · @healthade

BREWED AND BOTTLED IN CALIFORNIA, USA

**HEALTH·ADE KOMBUCHA**

a bubbly probiotic tea

**CAYENNE CLEANSE**

16 FL OZ. (1 PINT) 473 ML

USDA ORGANIC

NON GMO VERIFIED nongmoproject.org

Certified GF Gluten-Free

CERTIFIED RAW

**Contains 10% juice**

**Nutrition Facts**
Serving Size: 8 fl oz (237 ml)
Servings Per Container: 2

| Amount Per Serving | |
| --- | --- |
| Calories 35 | Calories from Fat 0 |
| | **% Daily Value\*** |
| Total Fat 0g | 0% |
| Sodium 10mg | 0% |
| Total Carbohydrate 7g | 2% |
| Sugars 2g | |
| Protein 0g | |
| Vitamin A | 60% |

Not a significant source of calories from fat, saturated fat, trans fat, cholesterol, dietary fiber, vitamin A, vitamin C, calcium and iron.
\*Percentage Daily Values are based on a 2,000 calorie diet.

INGREDIENTS: FILTERED WATER, KOMBUCHA CULTURE (YEAST AND BACTERIA CULTURES), ORGANIC BLACK TEA, ORGANIC GREEN TEA, ORGANIC EVAPORATED CANE JUICE (SUGAR), COLD-PRESSED ORGANIC GINGER JUICE, COLD-PRESSED ORGANIC LIME JUICE, ORGANIC CAYENNE PEPPER.

24325 CRENSHAW BLVD. #128, TORRANCE, CA 90505
Certified Organic by Organic Certifiers

| DO NOT SHAKE | 5¢ REF. ME & HI | CA CRV | |

ENJOY BY: 07/09/2018-245

Kombucha should not be consumed if left unrefrigerated for an extended period of time. Pregnant / breast feeding? Consult your doctor. Due to natural fermentation, there may be trace amounts of alcohol and small pieces of culture.

082317

8 51861 00610 2

## FOLLOW YOUR GUT!



PUCKER UP WITH OUR CLASSIC AND FAN FAVORITE, ORGANIC AND RAW GINGER-LEMON KOMBUCHA.

THE BEST TASTING AND HIGHEST QUALITY KOMBUCHA YOU CAN BUY.


all glass no plastic


real food handcrafted


small batch kombucha


cold-pressed flavors

1-844-FERMENT • health-ade.com • @healthade

BREWED AND BOTTLED IN CALIFORNIA, USA



# HEALTH·ADE
# KOMBUCHA

a bubbly probiotic tea

GINGER-LEMON

16 FL OZ (1 PINT) 473 ML

USDA ORGANIC

NON GMO VERIFIED
nongmoproject.org

CERTIFIED VEGAN

Certified GF Gluten-Free

CERTIFIED RAW

Contains 10% juice

### Nutrition Facts
Serving Size: 8 fl oz (237 ml)
Servings Per Container: 2

**Amount Per Serving**

| | |
|---|---|
| Calories 35 | Calories from Fat 0 |

| | % Daily Value* |
|---|---|
| **Total Fat** 0g | 0% |
| **Sodium** 10mg | 0% |
| **Total Carbohydrate** 7g | 2% |
| Sugars 2g | |
| **Protein** 0g | |

Not a significant source of calories from fat, saturated fat, trans fat, cholesterol, dietary fiber, vitamin A, vitamin C, calcium and iron.
*Percentage Daily Values are based on a 2,000 calorie diet.

INGREDIENTS: FILTERED WATER, KOMBUCHA CULTURE (YEAST AND BACTERIA CULTURES), ORGANIC BLACK TEA, ORGANIC GREEN TEA, ORGANIC EVAPORATED CANE JUICE (SUGAR), COLD-PRESSED ORGANIC GINGER JUICE, COLD-PRESSED ORGANIC LEMON JUICE.

24325 CRENSHAW BLVD. #128, TORRANCE, CA 90505
Certified Organic by Organic Certifiers

| DO NOT SHAKE | 5¢ REF. ME & HI | CA CRV |
|---|---|---|
| ENJOY BY: | 07/16/2018 -242 | |

Kombucha should not be consumed if left unrefrigerated for an extended period of time. Pregnant / breast feeding? Consult your doctor. Due to natural fermentation, there may be trace amounts of alcohol and small pieces of culture.

8 51861 00609 6

080917



**FOLLOW YOUR GUT!™**

Health-Ade has created a special union of 2 powerful foods—**natural botanical superfoods and raw, organic kombucha-separately strong, together unstoppable!** Just like our core kombuchas, our **super-teas** stop at nothing to give you the most premium and hand-crafted beverage you deserve, like fermenting **100% in super-small glass batches and never adding any chemicals, dyes, fake fermentation, or flavoring agents.**

Simply put, it is just a little more of the best tasting and highest quality kombucha you can buy.

*Our Maca-Berry super-tea reinvigorates with maca root aronia berry and blackcurrant.*

⚓ ORGANIC, NON-GMO, RAW, NATURAL, VEGAN, GLUTEN-FREE & KOSHER. NOTHING ARTIFICIAL, NO PRESERVATIVES & NO DYES.

Join or contact the bubbly Gang
health-ade.com · #healthade · #healthade · 1-844-FERMENT
BREWED AND BOTTLED IN CALIFORNIA, USA

ORGANIC & RAW

# HEALTH·ADE
# KOMBUCHA
a bubbly probiotic super-tea
blackcurrant | aronia | maca root

*Maca-Berry*

16 FL OZ (1 PINT) 473 ML

USDA ORGANIC

NON GMO VERIFIED

Certified V

Certified GF Gluten-Free

Ⓚ

CERTIFIED RAW

HEALTH-ADE, LLC

## Nutrition Facts
Serving Size 8 fl oz (237 ml)
Servings Per Container 2

**Amount Per Serving**

**Calories** 40

| | % Daily Value* |
|---|---|
| **Total Fat** 0g | 0% |
| **Sodium** 10mg | 0% |
| **Total Carbohydrate** 9g | 3% |
| Sugars 3g | |
| **Protein** 0g | |

Not a significant source of calories from fat, saturated fat, trans fat, cholesterol, dietary fiber, vitamin A, vitamin C, calcium and iron.
*Percent Daily Values are based on a 2,000 calorie diet.

**INGREDIENTS:** FILTERED WATER, KOMBUCHA CULTURE (YEAST AND BACTERIA CULTURES), ORGANIC BLACK TEA, ORGANIC GREEN TEA, ORGANIC EVAPORATED CANE JUICE (SUGAR), ORGANIC BLACKCURRANT CONCENTRATE, ORGANIC ARONIA CONCENTRATE, ORGANIC MACA ROOT POWDER.

8 51861 00604 11

54 REF.
ME A OR:
**CA CRV**

ENJOY BY: 05/26/2019 -227

If you are pregnant/breast feeding, consult with your doctor. Due to natural fermentation, there may be trace amounts of alcohol and small pieces of culture.

**KOMBUCHA SHOULD NOT BE CONSUMED IF LEFT UNREFRIGERATED FOR AN EXTENDED PERIOD OF TIME. DO NOT OVER-SHAKE.**

BECAUSE NOT ALL KOMBUCHA IS CREATED EQUAL™

## FOLLOW YOUR GUT!™

**Hand-crafted in small batches** using only the freshest organic and raw ingredients, **flavored with cold-pressed juice** from organic produce, fermented **100% in glass,** and packaged in **uv-protective amber bottles,** it's simply the best tasting & highest quality kombucha you can buy.



INCREDIBLY CRISP WITH
A HINT OF CIDER,
OUR ORGANIC AND RAW
PINK LADY APPLE KOMBUCHA
IS TRULY NATURE'S TREAT.

ORGANIC, NON-GMO, RAW, NATURAL, VEGAN, GLUTEN-FREE & KOSHER.
NOTHING ARTIFICIAL, NO PRESERVATIVES & NO DYES.

Join or contact The Bubbly Gang
health-ade.com • @healthade • #healthade • 1-844-FERMENT
BREWED AND BOTTLED IN CALIFORNIA, USA

ORGANIC & RAW



# HEALTH·ADE
# KOMBUCHA

a bubbly probiotic tea

·: PINK LADY APPLE :·

16 FL OZ (1 PINT) 473 ML


USDA
ORGANIC


NON
GMO
VERIFIED
nongmoproject.org



Certified

GF
Gluten-Free



CERTIFIED

RAW™

HEALTH-ADE, LLC
24305 Crenshaw Blvd. #1248, Torrance, Ca 90505
Certified Organic by Oregon Tilth

Contains 10% juice.

## Nutrition Facts
Serving Size 8 fl oz (237 ml)
Servings Per Container: 2

**Amount Per Serving**

**Calories** 40  Calories from Fat 0

| | % Daily Value* |
|---|---|
| **Total Fat** 0g | **0%** |
| **Sodium** 10mg | **0%** |
| **Total Carbohydrate** 9g | **3%** |
| Sugars 3g | |
| **Protein** 0g | |

Not a significant source of calories from fat, saturated fat, trans fat, cholesterol, dietary fiber, vitamin A, vitamin C, calcium and iron.
*Percentage Daily Values are based on a 2,000 calorie diet.

INGREDIENTS: FILTERED WATER, KOMBUCHA CULTURE (YEAST AND BACTERIA CULTURES), ORGANIC BLACK TEA, ORGANIC GREEN TEA, ORGANIC EVAPORATED CANE JUICE (SUGAR), COLD-PRESSED ORGANIC APPLE JUICE.

BECAUSE NOT ALL KOMBUCHA IS CREATED EQUAL™



5¢ REF.
ME & HI:
CA CRV

8  51861 00612  6

ENJOY BY:
04/27/18-114

If you are pregnant/breast feeding, consult with your doctor. Due to natural fermentation, there may be trace amounts of alcohol and small pieces of culture.

KOMBUCHA SHOULD NOT BE CONSUMED IF LEFT UNREFRIGERATED FOR AN EXTENDED PERIOD OF TIME. DO NOT OVER-SHAKE.

R11

## FOLLOW YOUR GUT!

POMEGRANATES ARE OUT OF THIS WORLD DELICIOUS, AND THAT'S ALL WE ADD TO OUR ORGANIC AND RAW POMEGRANATE KOMBUCHA.





THE BEST TASTING AND HIGHEST QUALITY KOMBUCHA YOU CAN BUY.

  

all glass no plastic | real food handcrafted | small batch kombucha 2.5 | cold-pressed flavors

1-844-FERMENT • health-ade.com • @healthade

BREWED AND BOTTLED IN CALIFORNIA, USA



# HEALTH·ADE KOMBUCHA

a bubbly probiotic tea



POMEGRANATE

16 FL OZ (1 PINT) 473 ML

USDA ORGANIC

NON GMO VERIFIED nongmoproject.org

Certified GF Gluten-Free

CERTIFIED RAW

Contains 10% juice

## Nutrition Facts

Serving Size: 8 fl oz (237 ml)
Servings Per Container: 2

Amount Per Serving

| Calories 40 | Calories from Fat 0 |
|---|---|

| | % Daily Value* |
|---|---|
| Total Fat 0g | 0% |
| Sodium 10mg | 0% |
| Total Carbohydrate 9g | 3% |
| Sugars 3g | |
| Protein 0g | |

Not a significant source of calories from fat, saturated fat, trans fat, cholesterol, dietary fiber, vitamin A, vitamin C, calcium and iron.
*Percentage Daily Values are based on a 2,000 calorie diet.

INGREDIENTS: FILTERED WATER, KOMBUCHA CULTURE (YEAST AND BACTERIA CULTURES), ORGANIC BLACK TEA, ORGANIC GREEN TEA, ORGANIC EVAPORATED CANE JUICE (SUGAR), COLD-PRESSED ORGANIC POMEGRANATE JUICE.

24325 CRENSHAW BLVD. #12B, TORRANCE, CA 90505
Certified Organic by Organic Certifiers



DO NOT SHAKE | 5¢ REF. ME & HI | CA CRV |

ENJOY BY:

Kombucha should not be consumed if left unrefrigerated for an extended period of time. Pregnant / breast feeding? Consult your doctor. Due to natural fermentation, there may be trace amounts of alcohol and small pieces of culture.



8 51861 00611 9

080917