IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| GABRIELA BAYOL, et al., | Case No. 18-cv-01462-MMC |
|---|---|
| Plaintiffs, | **ORDER GRANTING BAYOL PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL; DENYING GONZALEZ PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM COUNSEL** |
| v. | |
| HEALTH-ADE LLC, et al., | |
| Defendants. | |
| | Re: Dkt. No. 33 |
| LYNETTE GONZALEZ, et al., | Case No. 18-cv-01836-MMC |
| Plaintiffs, | **ORDER GRANTING BAYOL PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL; DENYING GONZALEZ PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM COUNSEL** |
| v. | |
| HEALTH-ADE LLC, | |
| Defendant. | |
| | Re: Dkt. No. 41 |

Before the Court are two motions, each filed in one of the above-titled related actions: (1) "Motion for Appointment of Interim Class Counsel," filed June 28, 2018, by the plaintiffs in Bayol v. Health-Ade, LLC ("Bayol Plaintiffs"), by which said plaintiffs seek an order appointing their counsel of record as interim class counsel for both cases; and (2) "Motion for Appointment of Interim Class Counsel," filed July 12, 2018, by the plaintiffs in Gonzalez v. Health-Ade, LLC ("Gonzalez Plaintiffs"), by which said plaintiffs seek an order appointing their counsel of record as interim class counsel for both cases. The motions have been fully briefed. Having read and considered the parties' respective written submissions, the Court rules as follows.[1]

---

[1] By order filed August 21, 2018, the Court took the matters under submission.

In each of the above-titled two actions, the plaintiffs allege that certain of the statements made on the labels and/or packaging of defendant Health-Ade LLC's ("Health-Ade") kombucha beverages are false and misleading. Additionally, in each such action, the plaintiffs seek to proceed on behalf of a nationwide class of persons who purchased such products.

Under Rule 23 of the Federal Rules of Civil Procedure, a "court may designate interim counsel to act on behalf of a putative class before determining whether to certify a class." See Fed. R. Civ. P. 23(g)(3). In determining whether to appoint an attorney as interim class counsel, the court "must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." See Fed. R. Civ. P. 23(g)(1)(A). Additionally, a court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." See Fed. R. Civ. P. 23(g)(1)(B).

Here, as to the first factor, counsel for the Bayol Plaintiffs and counsel for the Gonzalez Plaintiffs, prior to filing a complaint on behalf of their respective clients, each conducted an investigation into Health-Ade's practices (see Fisher Decl. ¶ 7; Grombacher Decl. ¶ 5), counsel in the Bayol Plaintiffs' case identifying a greater number of claims, namely claims based on both the alcohol content and the sugar content of Health-Ade's kombucha products (see Fisher Decl. ¶ 8), and counsel in the Gonzalez Plaintiffs' case, in which the claims are based on sugar content only, identifying a greater number of individuals who could serve as class representatives for potential sub-classes (see Grombacher Decl. ¶¶ 10-11).

As to the second factor, although counsel in both cases have extensive experience in handling class actions, counsel for the Bayol Plaintiffs have significant experience in bringing class action lawsuits in which false advertising claims are alleged (see Fisher Decl. ¶ 6), whereas counsel for the Gonzalez Plaintiffs' experience has been

2

primarily in connection with class actions alleging unlawful employment practices (see Grombacher Decl. ¶ 28) and privacy violations (see Gonzalez Pls.' Mot. Ex. A at 2).

Next, as to the third factor, counsel for the plaintiffs in both cases appear to be generally knowledgeable about the governing law, although, as noted, counsel for the Bayol Plaintiffs have had more experience in cases involving false advertising claims. Further, in that regard, counsel for the Bayol Plaintiffs brought, in 2015, a nationwide class action against another manufacturer of kombucha beverages, which case was based on statements similar to those allegedly made by Health-Ade, and wherein a settlement providing both monetary and injunctive relief was obtained. See Retta v. Millennium Products, Inc., 2017 WL 5479637, *1-3, 11 (C.D. Cal. August 22, 2017).

Lastly, as to the fourth factor, all counsel have shown they have the resources necessary to effectively represent the putative class members. (See Fisher Decl. ¶¶ 11-13; Grombacher Decl. ¶ 33.)

The Court finds that, on balance, the factors identified in Rule 23(g)(1) weigh in favor of appointing counsel for the Bayol Plaintiffs as interim class counsel. In particular, although the Gonzalez Plaintiffs are considerably greater in number than the Bayol Plaintiffs and reflect a wider range of geographic diversity, counsel for the Bayol Plaintiffs have more extensive experience in representing clients in false advertising cases, including a case factually similar to that here, and, in the instant case, have done a considerable amount of prefiling work in an effort to identify and plead potential claims.

Accordingly, for the reasons stated above:

1. The Gonzalez Plaintiffs' motion is hereby DENIED;

2. The Bayol Plaintiffs' motion is hereby GRANTED and Burson & Fisher, P.A. is appointed as interim class counsel; and

3. As requested by the Bayol Plaintiffs, the Court orders that Burson & Fisher, P.A. shall be generally responsible for the overall conduct of the litigation on behalf of the putative classes and shall have sole authority to do the following:

   a. Determine and present to the Court and opposing parties the position of

the named plaintiffs and putative class members on all matters arising during pretrial proceedings;

  b. Enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

  c. Coordinate the initiation and conduct of discovery on behalf of the named plaintiffs and putative class members consistent with the requirements of the Federal Rules of Civil Procedure;

  d. Hire expert witnesses and consultants on behalf of the named plaintiffs and putative class members, as needed to prepare for class certification or trial, and advance other costs that may be reasonable and necessary to the conduct of the litigation;

  e. Conduct settlement negotiations on behalf of the named plaintiffs and putative class members, and, if appropriate, to enter into a settlement that is fair, reasonable, and adequate on behalf of the putative class members;

  f. Monitor the activities of all counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

  g. Perform such other duties as may be incidental to the proper prosecution and coordination of pretrial activities on behalf of plaintiffs and putative class members or authorized by further order of this Court.

**IT IS SO ORDERED.**

Dated: August 23, 2018

                MAXINE M. CHESNEY
                United States District Judge