# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELA BAYOL and BRUCE VERBECK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEALTH-ADE LLC, and WHOLE FOODS MARKET CALIFORNIA, INC.,<br><br>Defendants. | Case No. 3:18-cv-01462 MMC<br><br>**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Maxine M. Chesney |

Before the Court is plaintiffs Gabriela Bayol and Bruce Verbeck's "Motion for Preliminary Approval of Class Action Settlement, Provisional Certification of Nationwide Class, and Approval of Procedure for and Form of Notice," filed March 15, 2019. The matter came on regularly for hearing on April 19, 2019. Timothy Fisher and Yeremey Krivoshey of Bursor & Fisher, P.A. appeared on behalf of plaintiffs. Robert J. Herrington of Greenberg Traurig, LLP appeared on behalf of defendants Health-Ade LLC ("Health-Ade") and Whole Foods Market California, Inc. ("Whole Foods"). Having read and considered the papers filed in support of the motion, and the arguments of counsel at the hearing, the Court rules as follows.

IT IS HEREBY **ORDERED, ADJUDGED, AND DECREED** as follows:

1. Defined Terms. For purposes of this Order, except as otherwise indicated herein, the Court adopts and incorporates the definitions contained in the Stipulation of Class Action Settlement ("the Agreement").

2. Stay of the Action. All proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Agreement and this Order, are hereby stayed.

3. Preliminary Class Certification for Settlement Purposes Only. The Action is preliminarily certified as a class action, for settlement purposes only, pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3). The Court preliminarily finds for settlement purposes that: (a) the Class certified herein numbers at least in the tens of thousands of persons, and joinder of all such persons would be impracticable; (b) there are questions of law and fact that are common to the Class, and those questions of law and fact common to the Class predominate over any questions affecting any individual Class Member; (c) the claims of the Plaintiffs are typical of the claims of the Class they seek to represent for purposes of settlement; (d) a class action on behalf of the Class is superior to other available means of adjudicating this dispute; and (e) as set forth below, Plaintiffs and Plaintiffs' Counsel are adequate representatives of the Class. Defendants retain all rights to assert that the Action may not be certified as a class action, other than for settlement purposes. The Court also concludes that, because the Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a

nationwide class action involving the issues in this case. *See Amchem Prods.*, *Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

4. <u>Class Definition</u>. The Class shall consist of all persons in the United States and United States Territories who purchased at retail one or more of the Subject Products during the Class Period. Specifically excluded from the Class are: (a) Defendants and their employees, principals, officers, directors, agents, affiliated entities, legal representatives, successors and assigns; (b) the judges to whom the Action has been or is assigned and any members of their immediate families; (c) those who purchased the Subject Products for the purpose of resale; and (d) all persons who have filed a timely Request for Exclusion from the Class. The "Subject Products" are all products sold by Defendants during the Class Period under Health-Ade's kombucha product lines, including but not limited to the following flavors: Beet; Blood Orange-Carrot-Ginger; California Grape; Cayenne Cleanse; Ginger-Lemon; Holiday Cheers; Jalapeño-Kiwi-Cucumber; Maca-Berry; Matcha+Cold Brew Coffee; The Original; Pink Lady Apple; Plum; Pomegranate; Power Greens; Reishi-Chocolate; and Sweet Thorn.

5. <u>Class Representatives and Plaintiffs' Counsel</u>. Plaintiffs Gabriela Bayol and Bruce Verbeck are designated as representatives of the conditionally certified Class. The Court preliminarily finds that these individuals are similarly situated to absent Class Members and therefore typical of the Class, and that they will be adequate class representatives. Further, Bursor & Fisher, P.A., whom the Court finds to be experienced and adequate counsel for purposes of these Settlement approval proceedings, is hereby designated as Plaintiffs' Counsel.

6. <u>Preliminary Settlement Approval</u>. Upon preliminary review, the Court finds that the Agreement, and the Settlement it incorporates, appears fair, reasonable, and adequate. *See generally* Fed. R. Civ. P. 23; *Manual for Complex Litigation* (Fourth) § 21.632 (2004). Accordingly, the Agreement is preliminarily approved and is sufficient to warrant sending notice to the Class.

7. <u>Fairness Hearing</u>. A Fairness Hearing shall be held before this Court on October 11, 2019, 9:00 a..m., at the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 7 – 19th Floor, 450 Golden Gate Avenue, San Francisco,

California 94102, to determine, among other things, (a) whether the Action should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3); (b) whether the settlement of the Action pursuant to the terms and conditions of the Agreement should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) whether the Action should be dismissed with prejudice pursuant to the terms of the Agreement; (d) whether Class Members who do not timely request exclusion should be bound by the Release set forth in the Agreement; (e) whether Class Members and related persons should be subject to a permanent injunction; and (f) whether to grant Plaintiffs' Counsel's application for an award of Attorneys' Fees and Expenses and Incentive Awards for Plaintiffs (the "Fee Application"). Papers in support of final approval of the Agreement and the Fee Application shall be filed with the Court according to the schedule set forth in Paragraph 133 below. Objections to the Agreement or the Fee Application shall be filed with the Court on or before the Objection Deadline as set forth in Paragraph 13 below, and papers in response to such objections must be filed with the Court according to the schedule set forth in Paragraph 13 below. The Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Class. After the Fairness Hearing, the Court may enter a Final Order and Final Judgment in accordance with the Agreement that will fully and finally adjudicate the rights of the Class Members with respect to the proposed Released Claims.

8. <u>Administration</u>. In consultation with and with the approval of Defendants, Plaintiffs' Counsel is hereby authorized to establish the means necessary to administer the proposed Settlement and implement the claims process, in accordance with the terms of the Agreement.

9. <u>Class Notice</u>. The form and content of the proposed Long Form Notice and Summary Notice, attached as Exhibits 1 and 2, respectively, to Plaintiffs' Revised Settlement Notice Documents, filed April 23, 2019, and the notice methodology described in the Agreement and the Declaration of the Settlement Administrator filed in support of preliminary approval of the settlement, are hereby approved. Pursuant to the Agreement, the Court appoints RG/2 Claims

Administration LLC as the Settlement Administrator to help implement the terms of the Agreement.

    (a)    <u>Notice Date</u>. No later than May 24, 2019, the Settlement Administrator shall provide notice to the Class pursuant to the terms of the Agreement and the deadlines set forth in Paragraph 13 below, in accordance with the notice program set forth in the Declaration of the Settlement Administrator filed in support of preliminary approval of the settlement. The Parties shall coordinate with the Settlement Administrator to provide notice to the Class pursuant to the terms set forth therein.

    (b)    <u>Findings Concerning Notice</u>.  The Court finds that the Settlement is fair and reasonable such that the Long Form Notice and Summary Notice should be provided pursuant to the Agreement and this Order.

    (c)    The Court finds that the form, content, and method of disseminating notice to the Class as described in Paragraphs 9 and 13 of this Order: (i) comply with Rule 23(c)(2) of the Federal Rules of Civil Procedure as they are the best practicable means of notice under the circumstances, and are reasonably calculated, under all the circumstances, to apprise the members of the Class of the pendency of the Action, the terms of the Settlement, and their right to object to the Settlement or exclude themselves from the Class; (ii) comply with Rule 23(e) as they are reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their right to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Agreement; (iii) constitute due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice; and (iv) meet all applicable requirements of law, including, but not limited to, 28 U.S.C. § 1715, Fed. R. Civ. P. 23(c) and (e), and the Due Process Clause of the United States Constitution. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Class Members, and comply with the Federal Judicial Center's illustrative class action notices.

    10.    <u>Exclusion from Class</u>. Any Class Member who wishes to be excluded from the Class must send to the Settlement Administrator by U.S. Mail a personally signed letter,

including their (a) full name, (b) current address, (c) a clear statement communicating that they elect to be excluded from the Class, do not wish to be a Class Member, and elect to be excluded from any judgment entered pursuant to the Settlement, (d) their signature, and (e) the case name and case number of the Action. A Class Member can exclude only himself or herself from the Class, and shall not be allowed to request that another individual or group be excluded. "Mass" or "class" opt-outs are not permitted. Any such Request for Exclusion must be postmarked and sent to the Settlement Administrator no later than August 27, 2019 (the "Opt-Out Date"). The Settlement Administrator shall forward copies of any written requests for exclusion to Plaintiffs' Counsel and Defense Counsel. The Settlement Administrator shall file a list reflecting all timely requests for exclusion with the Court no later than September 17, 2019.

If the proposed Settlement is finally approved, any potential Class Member who has not submitted a timely written Request for Exclusion on or before the Opt-Out Date shall be bound by all terms of the Agreement and the Final Order and Final Judgment, regardless of whether they have requested exclusion from the Settlement, even if the potential Class Member previously initiated or subsequently initiates any litigation against any or all of the Released Parties relating to Released Claims. All persons or entities who properly exclude themselves from the Class shall not be Class Members and shall relinquish their rights or benefits under the Agreement, should it be approved, and may not file an objection to the Settlement or be entitled to any settlement benefits.

11. <u>Objections and Appearances</u>. Any Class Member who intends to object to the fairness, reasonableness, and/or adequacy of the Settlement must, in addition to filing the written objection with the Clerk of Court no later than the Objection Deadline, provide a copy of the written objection by U.S. mail or e-mail to the Settlement Administrator with a copy by U.S. Mail or e-mail to Plaintiffs' Counsel and Defense Counsel (at the addresses set forth below) postmarked no later than the Objection Deadline. Class Members who object must set forth: (a) their full name; (b) current address; (c) a written statement of their objection(s) and the reasons for each objection; (d) a statement of whether they intend to appear at the Fairness Hearing (with or without counsel); (e) their signature; (f) a statement, sworn to under penalty of

perjury pursuant to 28 U.S.C. § 1746, attesting to the fact that he or she purchased one or more of the Subject Products during the Class Period; (g) details of their purchase of the Subject Products, including the Subject Products purchased, and the date and location of purchase; and (h) the case name and case number of the Action. Objections must be served on Plaintiffs' Counsel and Defense Counsel as follows:

> *Upon Plaintiffs' Counsel at:*
>
> L. Timothy Fisher
> Yeremey Krivoshey
> **BURSOR & FISHER, P.A.**
> 1990 North California Blvd., Suite 940
> Walnut Creek, California 94596
> ltfisher@bursor.com
> ykrivoshey@bursor.com
>
> *Upon Defense Counsel at:*
>
> Robert J. Herrington
> Michael S. Neighbors
> **GREENBERG TAURIG, LLP**
> 1840 Century Park East, Suite 1900
> Los Angeles, California 90067
> herrington@gtlaw.com
> neighborsm@gtlaw.com

Class Members or their attorneys who intend to make an appearance at the Fairness Hearing must deliver a notice of intention to appear to Plaintiffs' Counsel and Defense Counsel, and file said notice with the Court, no later than the date scheduled in paragraph 13 below, or as the Court may otherwise direct. Objections that are served on the Parties but not filed with the Court shall not be received or considered by the Court at the Fairness Hearing. Any Class Member who fails to comply with the provisions in this Paragraph shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of the Agreement, this Order, and all proceedings, orders, and judgments, including, but not limited to, the release in the Agreement. The Settlement Administrator, Defense Counsel, and Class Counsel shall promptly furnish each other copies of any and all objections that might come into their possession.

12. <u>Preliminary Injunction</u>. All Class Members and/or their representatives who do not timely and properly exclude themselves from the Class are barred and enjoined from directly,

indirectly, derivatively, in a representative capacity, or in any other capacity filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing any action in any forum (state or federal) as individuals, class members, putative class members, or otherwise against the Released Parties (as defined in the Agreement) in any court or tribunal asserting any of the Released Claims (as defined in the Agreement), and/or from receiving any benefits from any lawsuit, administrative or regulatory proceeding, or order in any jurisdiction, arising out of, based on, or relating to the Released Claims. In addition, all such persons are hereby barred and enjoined from filing, commencing, or prosecuting a lawsuit against Defendants (or against any of their related parties, parents, subsidiaries, or affiliates) as a class action, a separate class, or group for purposes of pursuing a putative class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who do not timely exclude themselves from the Class, arising out of, based on, or relating to the Released Claims. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

13. <u>Summary of Deadlines</u>. In summary, the deadlines set by this Order are as follows. These deadlines may be extended by order of the Court, for good cause shown, without further notice to the Class. Class Members must check the Settlement Website regularly for updates and further details regarding this Settlement:

(a) The Settlement Website and Toll-Free Telephone Number shall be established and become operational no later than May 24, 2019.

(b) The Long Form Notice shall be published on the Settlement Website and sent via mail or e-mail to class members for whom Defendants have contact information no later than May 24, 2019 (the "Notice Date").

(c) The Internet advertising portion of the Class Notice program shall commence no later than May 24, 2019.

(d) Beginning no later than the Notice Date, the Summary Notice shall be published in the Los Angeles Times, Sacramento Bee, and San Francisco Chronicle once a week for four successive weeks

(e) The Agreement and the Claim Form[1] shall be published on the Settlement Website no later than May 24, 2019.

(f) Plaintiffs' Counsel's Fee Application shall be filed with the Clerk of Court and posted to the Settlement Website no later than May 24, 2019.

(g) All completed Claim Forms must be postmarked and mailed to the Settlement Administrator or uploaded to the Settlement Website no later than August 27, 2019 ("the Claim Deadline").

(h) All written objections to the Agreement and written notices of an objector's intention to appear at the Fairness Hearing shall be filed with the Court and served on Plaintiffs' Counsel and Defense Counsel no later than August 27, 2019 ("the Objection Deadline").

(i) All Requests for Exclusion shall be postmarked and sent to the Settlement Administrator no later than August 27, 2019 ("the Opt-Out Date").

(j) No later than September 17, 2019, the Settlement Administrator shall file with the Court: (a) a list of those persons who have opted out or excluded themselves from the Settlement; and (b) the details regarding the number of valid Claim Forms received and processed by the Settlement Administrator.

(k) Plaintiffs' motion in support of final approval of the Settlement, which motion shall include a response to any objections, shall be filed no later than September 27, 2019.

(l) The Fairness Hearing is scheduled for October 11, 2019, at 9:00 a.m.

14. <u>Termination of Settlement</u>. In the event the Court does not grant final approval to the Settlement, or for any reason the parties fail to obtain a Final Order and Final Judgment as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then the following shall apply:

---

[1] The Claim Form, attached as Exhibit 3 to Plaintiffs' Revised Settlement Notice Documents, is hereby approved.

1         (a)     All orders and findings entered in connection with the Agreement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

        (b)     The conditional certification of the Class pursuant to this Order shall be vacated automatically, and the Action shall proceed as though the Class had never been certified pursuant to this Agreement and such findings had never been made;

        (c)     Nothing contained in this Order is, or may be construed as, a presumption, concession, or admission by or against Defendants or Plaintiffs of any default, liability, or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any action or proceeding, whether civil, criminal, or administrative, including, but not limited to, factual or legal matters relating to any effort to certify the Action as a class action;

        (d)     Nothing in this Order or pertaining to the Agreement, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceedings in this case, including, but not limited to, motions or proceedings seeking treatment of the Action as a class action;

        (e)     Nothing in this Order or pertaining to the Agreement is, or may be construed as, a presumption, concession, or admission by or against Defendants that the Action meets the requisites for certification as a class action under federal or California law; and

        (f)     All of the Court'res prior Orders having nothing whatsoever to do with the Settlement shall, subject to this Order, remain in full force and effect.

    15.     <u>Use of Order</u>. This Order shall be of no force or effect if the Settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, or that any of the claims asserted in the Action meet the requisites for certification as a class action under federal or California law. Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the other Class Members that their claims lack merit or that

the relief requested is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have in the Action or in any other lawsuit.

16. <u>Alteration of Exhibits</u>.  Plaintiffs' Counsel and Defense Counsel are hereby authorized to use all reasonable procedures to further the administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Long Form Notice, Summary Notice, and other exhibits that they jointly agree are reasonable or necessary.

17. <u>Retaining Jurisdiction</u>.  This Court shall maintain continuing jurisdiction over these settlement proceedings to ensure the effectuation thereof for the benefit of the Class, and for any other necessary purpose.

DATED: April 26, 2019

Maxine M. Chesney
United States District Judge