# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELA BAYOL and BRUCE VERBECK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEALTH-ADE LLC, and WHOLE FOODS MARKET CALIFORNIA, INC.,<br><br>Defendants. | Case No. 3:18-cv-01462 MMC<br><br>**FINAL JUDGMENT**<br><br>Judge: Hon. Maxine M. Chesney |

IT IS on this 11th day of October 2019, HEREBY ADJUDGED AND DECREED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 58 THAT:

1. The Settlement of *Bayol, et al. v. Health-Ade LLC., et al.*, Case No. 3:18-cv-01462 MMC, and *Gonzalez, et al. v. Health-Ade LLC*, Case No. 3:18-1836 MMC, pending in the United States District Court, Northern District of California (collectively, the "Action"), on the terms set forth in the Parties' Stipulation of Class Action Settlement, with exhibits (collectively, the "Agreement"), and definitions included therein, signed and filed with this Court on March 15, 2019, is finally approved.

2. The following class is granted final certification, for settlement purposes only, under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3): all persons in the United States and United States Territories who purchased at retail one or more of the Subject Products during the Class Period. Specifically excluded from the Class are: (a) Defendants and their employees, principals, officers, directors, agents, affiliated entities, legal representatives, successors, and assigns; (b) the judges to whom the Action has been or is assigned and any members of their immediate families; (c) those who purchased the Subject Products for the purpose of resale; and (d) all persons who have filed a timely Request for Exclusion from the Class. The "Subject Products" are all products sold by Defendants during the Class Period under Health-Ade's kombucha product lines, including but not limited to the following flavors: Beet; Blood Orange-Carrot-Ginger; California Grape; Cayenne Cleanse; Ginger-Lemon; Holiday Cheers; Jalapeño-Kiwi-Cucumber; Maca-Berry; Matcha+Cold Brew Coffee; The Original; Pink Lady Apple; Plum; Pomegranate; Power Greens; Reishi-Chocolate; and Sweet Thorn.

3. The dissemination of the Class Notice in accordance with the terms of the Agreement and this Court's Preliminary Approval Order, as described in the Settlement Administrator's Declaration filed before the Fairness Hearing: (a) constituted the best practicable notice to Class Members under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, the terms of the Settlement, and their rights under the Settlement, including, but not limited to, their right to object to any aspect of the proposed Settlement or exclude themselves from the proposed

Settlement and to appear at the Fairness Hearing, and the binding effect of the Final Orders and this Final Judgment on all persons and entities who did not request exclusion from the Class; (c) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and (d) met all applicable requirements of law, including, but not limited to, the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, the United States Constitution (including the Due Process Clause), and the Rules of this Court, as well as complied with the Federal Judicial Center's illustrative class action notices.

4. No Class Members have submitted timely and valid requests for exclusion from the Class and, accordingly, all Class Members are therefore bound by this Final Judgment and the Accompanying Final Order Approving Class Action Settlement.

5. The claims in the Action are dismissed on the merits and with prejudice pursuant to the terms (including the Release) set forth in the Parties' Agreement and in the Court's Final Order Approving Class Action Settlement and Final Order Approving Attorneys' Fees and Expenses and Incentive Awards, without costs to any party except as provided in these Final Orders.

6. Plaintiffs and Class Members and/or their representatives, and all persons acting on behalf of, or in concert or participation with, Plaintiffs or Class Members (including but not limited to the Releasing Parties), who have not been timely excluded from the Class are hereby permanently barred and enjoined from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, or participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims; and (b) bringing an individual action or class action on behalf of Plaintiffs or Class Members seeking to certify a class that includes Plaintiffs or Class Members, or continuing to prosecute or participate in any previously filed and/or certified class action, in any lawsuit based upon or asserting any of the Released Claims. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

7. Plaintiffs' Counsel shall take all steps necessary and appropriate to provide Class Members with the benefits to which they are entitled under the terms of the Agreement and pursuant to the Orders of the Court.

8. Plaintiffs' Counsel shall be awarded $999,375 in attorneys' fees and $14,252.78 in costs and expenses, which amount is approved as fair and reasonable, in accordance with the terms of the Agreement.

9. The Settlement Administrator is entitled to recover its costs in an amount not to exceed $375.000.

10. Plaintiffs Gabriela Bayol and Bruce Verbeck shall each be awarded $2,000 as a Service Award in their individual capacity as representative Plaintiffs in the Action.

11. The Court will retain continuing jurisdiction over the parties and the Action for the reasons and purposes set forth in this Final Judgment, the Final Order Approving Class Action Settlement, and the Final Order Approving Attorneys' Fees and Expenses and Incentive Awards. Without in any way affecting the finality of these Final Orders and/or this Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Agreement and of these Final Orders and this Final Judgment, and for any other necessary purpose. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994).

DATED: October 11, 2019

The Honorable Maxine M. Chesney
UNITED STATES DISTRICT JUDGE